**PAYNE, Director General, v. BRADLEY.**
**(No. 2375.)**

(Court of Civil Appeals of Texas. Texarkana.
July 1, 1921.  Rehearing Denied Oct. 6,
1921.)

**1. Railroads ⬤➞441(3)—Burden on plaintiff to show negligent killing of animal.**

In an action for the killing of plaintiff's mule by a railroad company, where as a matter of law defendant was not required to fence its right of way at the place of injury, it devolved upon plaintiff to establish negligent killing of the mule.

**2. Railroads ⬤➞411(5)—Killing of mule held not actionable.**

Where plaintiff's mule, which was at a place not required to be fenced, got on the track ahead of the engine suddenly and in so short a distance in front as to make it impossible for the engineer to avoid striking it, the facts as to defendant's negligence were insufficient as a matter of law to establish legal liability.

Appeal from District Court, Cass County;
H. F. O'Neal, Judge.

Action by J. J. Bradley against John Barton Payne, Director General, as Agent. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

King & Mahaffey, of Texarkana, for appellant.

Lincoln & Smitha, of Texarkana, for appellee.

LEVY, J.  [1, 2] A reconsideration of the record has convinced us of error in affirming the judgment upon the facts of the case.  A fair interpretation of the facts now lead us to conclude that it should be said as a matter of law that the railway company was not required to fence its right of way at the place of injury.  Therefore it devolved upon the plaintiff to establish negligent killing of the mule.  And the facts as to negligence, we conclude, are insufficient as a matter of law to establish legal liability.  The case depended for negligence entirely upon whether or not the engineer could have avoided injury to the mule after the mule got on the track. The mule got on the track ahead of the engine suddenly and in so short a distance in front as to make it impossible to avoid striking it.  The facts were not as we now conclude understood in the first opinion, and the facts then stated are not correctly stated.

The decision as to attorney's fees is also withdrawn, and not now decided.

The judgment is reversed, and judgment is here rendered in favor of appellant, and for costs of the trial court and of appeal.

NOTE.—In the above cause it is ordered by the Court that the opinion heretofore filed on the 16th day of June, 1921, and recorded in Opinion Record No. 7, p. 1188, be retired and withdrawn, and not published, and that the opinion on rehearing be filed and recorded in place of said original opinion.